IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:12CV157-RLV
(5:08CR27-RLV-DSC-7)

| | |
|---|---|
| JAIME PUENTE-VAZQUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).

I. **BACKGROUND**

1. Offense Conduct

Beginning in April 2008, the Bureau of Immigration and Customs Enforcement ("ICE"), in conjunction with various state and local agencies, conducted a drug-smuggling investigation involving Hector Moises Castellanos and others. (Crim. Case No. 5:08-cr-27, Doc. No. 196 at 4: PSR). Members of the drug-smuggling operation imported multiple kilogram shipments of cocaine from Mexico, via the Texas border, with the final destination being Hickory, North Carolina. (Id.). The investigation used cooperating witnesses, searches and seizures, controlled drug transactions, and audio-recordings of suspects discussing their illegal activities. (Id.). After conducting a controlled drug transaction between the cooperating witness and Castellanos, investigators arrested Castellanos and took him to the police station, where he provided a statement identifying Hugo Garcia-Cortez as the source of his cocaine. (Id. at 5). After further

1

investigation of Garcia-Cortez, agents obtained a search warrant for his residence. (Id. at 6). The search of the residence and nearby vehicle resulted in the seizure of ten kilograms of cocaine, $1,694 in U.S. currency, two handguns, and a .22 caliber rifle. (Id.).

Petitioner Jaime Puente-Vazquez was present during the search of Garcia-Cortez's residence. (Id.). After seizing the contraband, officers arrested Petitioner, along with Garcia-Cortez. (Id.). Evidence showed that Petitioner worked together with Garcia-Cortez in the drug business and that Petitioner was scheduled to deliver five kilograms of cocaine to co-defendant Oscar Hernandez the night of his arrest. (Id. at 7). Petitioner and Garcia-Cortez had delivered one to three kilogram quantities of cocaine to Hernandez on at least five prior occasions. (Id.). In total, the investigation revealed that Petitioner was responsible for at least fifteen kilograms of cocaine throughout the conspiracy. (Id.).

2. Procedural History

On May 28, 2008, Petitioner was charged in a criminal complaint with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Crim. Case No. 5:08-cr-27, Doc. No. 1: Complaint). On June 25, 2008, the Grand Jury for the Western District of North Carolina issued an indictment charging Petitioner and six codefendants with the same conspiracy charge and adding a substantive offense for possession with intent to distribute five or more kilograms of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(b)(1)(a) and 18 U.S.C. § 2. (Id., Doc. No. 33: Indictment). Thereafter, this Court issued three orders to continue Petitioner's case, finding that Petitioner's case was "joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted, that failure to continue the matter would result in a miscarriage of justice," and that "the ends of justice served by taking such action outweigh the best interest of the public and

2

[Petitioner] to a speedy trial." (Id., Doc. Nos. 67; 84; 103: Orders).

On December 16, 2008, the grand jury returned a superseding indictment charging Petitioner in the same conspiracy and substantive drug offense counts and adding a series of firearms counts against one of Petitioner's codefendants. (Id., Doc. No. 104: Superseding Indictment). On February 10, 2009, one of Petitioner's codefendants filed a motion to continue in light of a scheduling conflict and indicating that counsel for Petitioner consented to the motion. That same day, this Court granted the motion to continue, finding that defense counsel had not had sufficient time to adequately prepare and that the ends of justice outweighed the best interest of the public and Petitioner to a speedy trial. (Id., Doc. No. 116: Order). This Court indicated, however, that this would "be the final continuance in this matter." (Id. at 1) (emphasis in original).

On March 17, 2009, the grand jury returned a second superseding indictment, alleging the same two counts against Petitioner and adding several codefendants to the conspiracy count. (Id., Doc. No. 122: Second Superseding Indictment). Before trial, Petitioner filed another motion to continue, stating that the interests of justice would be served by a continuance in light of counsel's scheduled conflict with another federal trial. (Id., Doc. No. 124: Motion). On March 25, 2009, this Court denied Petitioner's motion, finding that no good cause had been shown. (Id., Doc. No. 125: Order). Beginning on May 11, 2009, Petitioner was tried before a jury along with one of his codefendants. On May 14, 2009, the jury found Petitioner guilty of both counts. (Id., Doc. No. 160: Jury Verdict).

Before sentencing, the probation officer prepared a presentence investigation report, recommended an advisory guidelines range of 235 to 293 months in prison based on a total offense level of 38 and a criminal history category of I. (Id., Doc. No. 196 at 10: PSR). At

3

sentencing, this Court adopted the presentence report, including its calculation of the applicable guidelines range and, after varying downward based on the totality of the circumstances, sentenced Petitioner to 151 months in prison as to each count, to run concurrently. (Id., Doc. No. 267 at 11; 14-15: Sentencing Hear. Tr.). The Court entered judgment on March 5, 2010, and Petitioner filed a timely notice of appeal six days later. (Id., Doc. No. 224: Judgment; Doc. No. 237: Notice of Appeal). On July 22, 2011, the Fourth Circuit affirmed Petitioner's conviction and sentence in an unpublished opinion. United States v. Hernandez, 440 Fed. App'x 159 (4th Cir. (2011). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

On October 10, 2012, Petitioner placed the instant motion to vacate in the prison mailing system, and the motion was stamp-filed in this Court on October 15, 2012. (Doc. No. 1). In his motion, Petitioner claims that his attorney was ineffective for (1) erroneously advising him to decline a plea offer, and (2) failing to move to dismiss the indictment pursuant to 18 U.S.C. § 3161, based on an alleged violation of the Speedy Trial Act. (Id.). On December 2, 2013, the Court ordered the Government to respond and, after receiving an extension of time, the Government filed its response on March 7, 2014.

**II. STANDARD OF REVIEW**

A. Section 2255

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion survives initial review and once the Government files a Response, the Court must then review the materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a) of the Rules Governing Section 2255

4

Proceedings. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.  DISCUSSION

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. As the Supreme Court explained in Hill v. Lockhart, 474 U.S. 52, 57 (1985), the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance claims involving the plea process. Pursuant to that test, to prevail on an ineffective assistance claim, a petitioner must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that the deficiency prejudiced the defendant. Strickland, 466 U.S. at 687, 694. In the plea context, a petitioner can show prejudice by establishing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57-59.

Generally speaking, to establish prejudice under Strickland, the petitioner must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When an ineffective assistance claim arises in the plea context, the Supreme Court has said that the Strickland prejudice inquiry focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. The Supreme Court has recently observed that where counsel fails to communicate a plea offer, to show prejudice a defendant must show "a reasonable probability [he] would have accepted the . . . plea offer" and that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012); see also Lafler v. Cooper, 132 S. Ct. 1376, 1387 (2012)

5

("[P]rejudice can be shown if loss of [a] plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.").

A. Petitioner's claim that trial counsel gave him erroneous legal advice regarding Petitioner's plea offer.

In his motion to vacate, Petitioner first contends that, but for his trial counsel's erroneous legal advice, he would have taken the plea offered. Petitioner also argues that counsel advised him to reject the plea offer because it was extremely likely that he would be acquitted because of the Government's lack of evidence. As a result of going to trial, Petitioner received 151 months in prison, as opposed to the plea offer of ten years.

Although the Supreme Court has recognized that a petitioner may state a claim of ineffective assistance based on defense counsel's failure to communicate a plea offer, under Missouri v. Frye, 132 S. Ct. 1399, or where defense counsel advises a defendant to reject a favorable offer based on a fundamental misunderstanding of applicable legal principles, under Lafler v. Cooper, 132 S. Ct. 1376, neither of these cases support Petitioner's claim. First, Frye does not apply because Petitioner does not allege that trial counsel failed to communicate a plea offer. Petitioner's case is also distinguishable from Lafler, where the parties conceded that defense counsel provided ineffective assistance by misadvising that he could not be convicted as a matter of law based on the facts of the case. 132 S. Ct. at 1390-91. The Lafler Court distinguished its facts from cases involving "an erroneous strategic prediction about the outcome of a trial," which the Court characterized as "not necessarily deficient performance." Id. at 1391.

Here, Petitioner alleges that defense counsel was ineffective based on his general assessment of the strength of the evidence. Petitioner states in his motion that trial counsel's erroneous advice was "that it was extremely likely that the jury would acquit Petitioner because

6

of the lack of evidence in the criminal case." (Doc. No. 1 at 3). As such, his claim is distinguishable from <u>Lafler</u>, where the parties conceded that case defense counsel misinformed defendant of an incorrect legal rule. By contrast, Petitioner was only informed as to trial counsel's genuine assessment of the strength of the evidence. Accordingly, he is not entitled to relief under <u>Lafler</u>. Moreover, other than his self-serving conclusion, Petitioner fails altogether to explain how his trial counsel's advice was objectively unreasonable. As such, even if Petitioner's claim were sufficient under <u>Frye</u> and <u>Lafler</u>, which it is not, he nevertheless fails to demonstrate deficient performance.

In sum, Petitioner's first claim of ineffective assistance of counsel fails as a matter of law.

B. Petitioner's claim that his counsel was ineffective by failing to move to dismiss the indictment.

Petitioner next contends that trial counsel was ineffective for failing to move to dismiss the indictment, where, according to Petitioner, this Court failed to make the necessary "ends of justice" findings required to support its trial continuances. Because this Court complied with the Speedy Trial Act in granting the continuances, any challenge by counsel would have been unavailing, and Petitioner's argument therefore lacks merit. The Speedy Trial Act requires that a defendant be brought to trial within seventy days of the filing of the indictment or his initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act sets forth a lengthy list of exclusions from this seventy-day clock. Among those exclusions is any period of delay resulting from a continuance granted by a judge when the court sets forth, either orally or in writing, its reasons for granting the continuance, <u>id.</u> § 3161(h)(7)(A), and any reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the seventy days has not yet

7

run. 18 U.S.C. § 3161(h)(6). If the Act is violated, the indictment "shall be dismissed on motion of the defendant." Id. § 3162(a)(2).

When granting a continuance under the ends-of-justice exception, id. § 3161(h)(7)(A), the court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A). The factors that a court shall consider in conducting this balancing test are set forth in § 3161(h)(7)(B) and include "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Id. § 3161(h)(7)(B)(i).

Here, a review of the orders granting the continuances confirms that this Court set forth in writing its reasons for granting the continuances. Thus, because the delays in Petitioner's case fell within exclusions to the seventy-day clock, Petitioner's speedy trial rights were not violated and counsel was not ineffective for failing to seek dismissal of the indictment. In any event, regardless of whether Petitioner's right to a speedy trial was violated, Petitioner fails to show that he suffered prejudice as a result of trial counsel's decision not to move to dismiss the indictment because any such dismissal would have been without prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution . . . ." 18 U.S.C. § 3162(a)(1). As the Government notes, this case is similar to United States v. Thomas, 305 Fed. App'x 960, 964 (4th Cir. 2009), where the Fourth Circuit held that the petitioner was not prejudiced by defense counsel's failure to move to dismiss the indictment because the court would have granted a

8

dismissal without prejudice after considering "[t]he length of delay [approximately one year], the seriousness of the narcotics and firearm charges, and the lack of evidence of prosecutorial neglect or misconduct causing the delay." Like the defendant in Thomas, Petitioner here faced serious narcotics charges, and the circumstances of this case suggest a relatively short delay given the volume of evidence, the number of co-defendants, and an absence of prosecutorial misconduct causing the delay. Additionally, a substantial portion of the delay can be attributed to defense counsel's own motions for continuances, the last of which this Court denied. Because the facts of this case are similar to Thomas, it is likely that had trial counsel moved for dismissal, any dismissal would have been without prejudice. Therefore, even if Petitioner could prove the first prong of Strickland, he could not satisfy the second prong.

In sum, Petitioner's second ineffective assistance of counsel claim is without merit.

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: March 14, 2014

Richard L. Voorhees
United States District Judge